11-2-10JRG148661                                                                  65100-1190LIT5098

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, not individually, but as Trustee of ) <br> PLUMBERS' PENSION FUND, LOCAL 130, U.A., ) <br> PLUMBERS' WELFARE FUND, LOCAL 130, U.A., ) <br> THE TRUST FUND FOR APPRENTICE AND ) <br> JOURNEYMEN EDUCATION AND TRAINING, ) <br> LOCAL 130, U.A., and CHICAGO JOURNEYMEN ) <br> PLUMBERS' LOCAL UNION 130, U.A., ) <br> GROUP LEGAL SERVICES PLAN FUND; ) <br> PLUMBING COUNCIL OF CHICAGOLAND; and ) <br> CHICAGO JOURNEYMEN PLUMBERS' LOCAL ) <br> UNION 130, U.A., ) <br>       Plaintiffs, ) <br>   v. ) <br> ) <br> 911 PLUMBING, INC., an Illinois corporation ) <br> ) <br>       Defendant. ) | No. <br> Judge <br> Magistrate Judge |

## COMPLAINT

Plaintiffs, James T. Sullivan, not individually, but as Trustee of Plumbers' Pension Fund, Local 130, U.A. ("Pension Fund"), Plumbers' Welfare Fund, Local 130, U.A. ("Welfare Fund"), The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A. ("Apprentice Fund"), and Chicago Journeymen Plumbers' Local Union 130, U.A., Group Legal Services Plan Fund ("Legal Fund"); Plumbing Council of Chicagoland ("Council"); and Chicago Journeymen Plumbers' Local Union 130, U.A. ("Union"), by their attorneys, James, R. Gannon, Douglas A. Lindsay, John W. Loseman, and Brian T. Bedinghaus, with LEWIS, OVERBECK & FURMAN, LLP of counsel, for their Complaint against Defendant, 911 Plumbing, Inc. ("911"), state:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"), and the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA").

2. As hereinafter more fully appears, the Court has jurisdiction over this action under 28 U.S.C. §1331 based on the existence of questions arising under ERISA and LMRA.

3. Plaintiff, James T. Sullivan ("Sullivan"), is a Trustee of Pension Fund, Welfare Fund, Apprentice Fund, and Legal Fund (collectively, "Funds").

4. Funds are trusts created and existing in accordance with LMRA, 29 U.S.C. §186(c).

5. Funds are "employee benefit plans" and "plans" within the meaning and definition of ERISA, 29 U.S.C. §1002(3).

6. Funds have been established pursuant to collective bargaining agreements previously entered into between Chicago Journeymen Plumbers' Local Union 130, U.A. ("Union"), and certain employer associations whose employees are covered by collective bargaining agreements with Union.

7. Funds are administered within this judicial district.

8. Sullivan is authorized by Funds to bring this action on their behalf.

9. Council is an Illinois not-for-profit corporation.

10. Council maintains its principal office within this judicial district.

11. Union is a labor organization within the meaning and definition of 29 U.S.C. §152 and represents employees in an industry affecting commerce.

12. Union maintains its principal office within this judicial district.

13. The Court has jurisdiction over the claim stated on behalf of Funds pursuant to LMRA, 29 U.S.C. §185, and ERISA, 29 U.S.C. §§1132(e)(1) and 1145.

14. The Court has jurisdiction over the claims stated by Council and Union pursuant to LMRA, 29 U.S.C. §185.

15. Venue is proper in this judicial district pursuant to 29 U.S.C. §1132(e)(2).

16. Classic Plumbing Co. Inc. ("Classic") was a corporation organized under the laws of the State of Illinois. At all times pertinent hereto, Classic was engaged in an industry affecting commerce, to wit: Classic was a plumbing contractor with its principal place of business within the jurisdiction of this Court.

17. Classic is or was an "employer" under ERISA and LMRA, including but not limited to 29 U.S.C. §1002(5).

18. As of January 28, 1993, there was in effect a written collective bargaining agreement or agreements ("Agreement") between Union and Classic.

19. A true and correct copy of the Agreement for the period from June 1, 2004, through May 31, 2007, is attached as Exhibit A, with the signature page dated January 28, 1993.

20. Classic operated and performed work within the territorial jurisdiction of Union.

21. Classic employed licensed plumbers and/or apprentice plumbers.

22. Classic performed work of the types described in Appendix A of the Agreement.

23. On September 12, 2007, this Court entered judgment in case No. 07 C 521 in favor of Funds, Union, and Council and against Classic Plumbing Company in the amount of $242,678.78, for sums due under the Agreement ("Judgment").

24. Classic dissolved on July 11, 2008, without paying Judgement.

25. 911 Plumbing, Inc. ("911") is a corporation organized and existing under the laws of the State of Illinois. Since its formation, 911 has been engaged in an industry affecting commerce, to wit: 911 is a plumbing contractor with its principal place of business within the jurisdiction of this Court.

26. 911 is an "employer" under ERISA and LMRA, including but not limited to 29 U.S.C. §1002(5).

27. 911 began operations and/or business in January, 2008.

28. 911 was incorporated in Illinois on January 30, 2008.

29. 911 operates and performs work within the territorial jurisdiction of Union.

30. 911 employs or employed licensed plumbers and/or apprentice plumbers.

31. 911 performs work of the types described in Appendix A of the Agreement.

32. 911 was incorporated at the request, behest, or direction of the principals of Classic and/or a family member of the owners of Classic.

33. 911 is substantially owned and/or controlled by the same persons who owned and/or controlled Classic.

34. 911 is managed and/or operated by the same persons who managed and/or operated Classic.

35. 911 operates from or utilizes the same premises that Classic used.

36. 911 uses or communicates through the same phone number that Classic used.

37. 911 employs or utilizes substantially the same persons that Classic employed.

38. 911 performs substantially the same type of work that Classic performed.

39. On information and belief, 911 uses substantially the same tools and equipment that Classic used.

40. 911 assumed and performed the business of Classic.

41. 911 carried on the business and/or operations of Classic after Classic ceased operations.

42. 911 is a successor to Classic.

43. 911 and Classic constitute a "single employer" and/or alter egos.

44. Agreement is binding on 911 as a successor to or alter ego of Classic, and/or as an entity that is owned, operated, managed, and/or controlled by Classic or its principals, or both.

45. 911 is subject to, and liable for, all obligations of Classic under Agreement.

46. As of the date of filing of this Complaint, neither Classic nor 911 has paid to Funds, Council, or Union any amounts due under Judgment.

WHEREFORE, Plaintiffs, James T. Sullivan, etc., et al., requests judgment in favor of Plaintiffs and against Defendant, 911 Plumbing, Inc., in the amount of $242,678.78, plus post-judgment interest at the rate of 4.27% per annum from September 12, 2007, and such other legal and equitable relief as the Court deems appropriate, pursuant to LMRA, 29 U.S.C. §185, and ERISA, 29 U.S.C.§1132(g)(2)(E).

James T. Sullivan, etc., et al., by their attorneys, James R. Gannon, Douglas A. Lindsay, John W. Loseman, and Brian T. Bedinghaus

Of Counsel:
LEWIS, OVERBECK & FURMAN, LLP
20 N. Clark Street, Suite 3200
Chicago, IL 60602
312.580.1200

By: /s/ James R. Gannon
James R. Gannon
20 N. Clark Street, Suite 3200
Chicago, IL 60602-5093
312.580.1220